The court below decides.
(1) The statute of limitations (Rev. Stat., § 1069) is always applicable, whether pleaded or not.
(2) A consul in a foreign port is a person “ beyond, the seas ” within the-meaning of the statute.
(3) The payment of consular fees into the Treasury by order of the State Department is not voluntary; no estoppel arises from the payment, and the consul may recover back the money if legally entitled to the fees.
(4) Under the Revised Statutes (§S 1745, 2158, 2162) and Consular Regulations, 1874, fees received from foreign vessels for the examination of Chinese emigrants, not being “for oficial services,” were the private emoluments of the consul.
(5) Under the Revised Statutes (§§ 2853, 2855) and the Consular Regulations, 1874, certifying quadruplicates of invoices wag an official service, and the fee went to the Government.
(6) Neither the Statutes nor the Consular Regulations require a oonsul to certify “transit invoices” or to give “cattle disease certificates” or to certify to his own official character, or to render service in the . settlement of a private estate. „
(7) Interest received by a consul upon Government funds is a profit derived from a trust. |t belongs to the cestm que trust, the Government, and not to the trustee, the consul.
(8) Under the Consolar Regulations, 1874, 1881, service rendered to a foreign-built ship, sailing under the American flag, in shipping and discharging seamen not American citizens, nor from an American port, is not “ official.”
(9) The Revised Statutes (§§ 2851, 2852, 2853, 2854,) do not require or contemplate invoices for free goods. Services rendered in certifying, such invoices are not “official”
*517 The decision of the court below is affirmed except as to that part of it which rejected an item of $39.29 as fees “ for notarial and clerical work for recording instruments at various times between February 4, 1879, and December 31, 1880,” because it did not appear from the specifications or proof what was the character of the instruments recorded and was impossible to determine whether the instruments might have been those specially provided for by the tariff of fees in the regulations; and except as to that part which held that services rendered in certifying invoices for free goods are not official. In these two respects it was reversed.
Mr. Justice Blatcheord
delivered the opinion of the Supreme Court February 3, 1890.